IN THE UTAH COURT OF APPEALS

----ooOoo----

Endre' Glenn,                          )          PER CURIAM DECISION
                                       )
        Petitioner and Appellant,      )          Case No. 20120240-CA
                                       )
v.                                     )
                                       )          F I L E D
Walter T. Keane, PC; and Walter T.     )          (June 28, 2012)
Keane,                                 )
                                       )          2012 UT App 178
        Respondent and Appellee.       )

-----

Third District, Salt Lake Department, 090915207
The Honorable Kate A. Toomey

Attorneys:      Endre' Glenn, Redmond, Washington, Appellant Pro Se

-----

Before Judges Davis, Thorne, and Christiansen.

¶1      Endre' Glenn appeals a judgment denying his motion to vacate an arbitration award, confirming the Utah State Bar's fee arbitration panel's award of $1800 in attorney fees to Walter T. Keane, and dismissing Glenn's petition for a wrongful lien injunction. This case is before the court on a sua sponte motion for summary disposition.

¶2      Glenn argues that the district court erred by ordering the parties to participate in fee arbitration, thereby denying him the statutory remedy of seeking to nullify an allegedly wrongful lien. *See* Utah Code Ann. § 38-9-7 (2010) (authorizing petition and procedure for removal of a wrongful lien against real property). The claim is without merit. Keane filed the attorney's lien to secure payment of his fees. *See id*. § 38-2-7(2). At a hearing on his petition seeking to remove the lien, Glenn disputed the claimed fee and raised the retainer agreement's requirement to arbitrate any fee dispute. Glenn cannot now argue that the court erred in requiring the parties to participate in fee arbitration where the retainer agreement required it, Glenn invoked the provision, and

he agreed to arbitration. Furthermore, the requirement to arbitrate fee disputes did not prevent Glenn from pursuing the statutory remedy of petitioning for removal of an allegedly wrongful lien. His arguments fail to recognize that only a lien determined to be wrongful is subject to removal. *See id*. § 38-9-1(6) (defining a wrongful lien as one that, when recorded, is not expressly authorized by statute, contained in a court order or judgment, or authorized pursuant to a document signed by the owner of the real property). The notice of lien in this case was expressly authorized by the attorney's lien statute. *See id*. § 38-2-7. The arbitration award supported Keane's claim for attorney fees in the amount of $1800. Glenn was not prevented from pursuing an action to remove the attorney's lien, but he failed to prevail on the merits of that action. Under the circumstances, the attorney's lien was not wrongful, and the district court did not err in dismissing the petition seeking a wrongful lien injunction.

¶3 Glenn concedes that he argues for the first time before this court that the arbitration award should be vacated under a judicially-created public policy exception and that he did not preserve the claim for appeal. *See Buzas Baseball v. Salt Lake Trappers*, 925 P.2d 941, 951 (Utah 1996) (allowing a court to vacate an arbitration award if it violates a well-defined and dominant public policy of the state). "Under ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or exceptional circumstances exist." *State v. Nelson-Waggoner*, 2004 UT 29, ¶ 16, 94 P.3d 186. "[I]n order to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (quotation marks and citation omitted). Even if we were to consider the arguments under the public policy exception, Glenn demonstrates no basis for determining that the fee arbitration panel's award would violate a well-defined and dominant public policy of the State of Utah.

¶4 We affirm the judgment.


_____
James Z. Davis, Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge